UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------
PRINCE LEWIS,

          Plaintiff,

  v.                     14-CV-217
                         (MAD/CFH)
CITY OF SCHENECTADY POLICE DEPT., et al.,

          Defendants.
----------------------------------------------------------------

**APPEARANCES:**           **OF COUNSEL:**

PRINCE LEWIS
Plaintiff Pro Se
175388
Osborn Correctional Institution
335 Bilton Road
Post Office Box 100
Somers, Connecticut 06071

**CHRISTIAN F. HUMMEL**
**United States Magistrate Judge**

# REPORT-RECOMMENDATION AND ORDER

The Clerk has sent to the Court a civil rights complaint brought by pro se plaintiff Prince Lewis, pursuant to 42 U.S.C. § 1983. Compl. (Dkt. No. 1). Lewis has not paid the filing fee and instead seeks permission to proceed with this matter in forma pauperis ("IFP"). Dkt. No. 2. Lewis has also filed a motion for appointment of counsel. Dkt. No. 3.

## I. DISCUSSION

### A. Application to Proceed IFP

Lewis has submitted an IFP Application. After reviewing the entire file, the Court finds that plaintiff's financial status qualifies him to file this action without prepaying in full the

$350.00 filing fee. Although plaintiff is financially eligible to proceed IFP, he must still pay the partial filing fee as stated in 28 U.S.C. § 1915(b)(1). Plaintiff has filed the appropriate authorization form. Dkt. No. 6. Plaintiff's request to proceed IFP in this action is therefore granted.

## B. Allegations Contained in the Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

Lewis brings this action pursuant to 42 U.S.C. § 1983. An action commenced pursuant to 42 U.S.C. § 1983 requires proof of the "deprivation of any right[], privilege[], or immunit[y] secured by the Constitution" or laws of the federal government. 42 U.S.C. § 1983; see also German v. Fed. Home Loan Mortg. Corp., 885 F. Supp. 537, 573 (S.D.N.Y. 1995) ("Section 1983 establishes a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States.") (quotations omitted).

Lewis contends that his Fourth and Fourteenth Amendment rights were violated when defendants falsely arrested and detained him. Specifically, Lewis was involved in a traffic

accident on November 25, 2013. Compl. at 4. After responding to the accident and running Lewis' information, defendant Comley took Lewis back to the station because a "teletype [reported] . . . that the State of Connecticut was aledging [sic] that [Lewis] owed them 1 y[ea]r and 10 months for not reporting back to parole . . . ." Id. Despite the fact that the violation allegedly took place twenty-five years ago in 1989 and there was no arrest warrant lodged[1], defendants still arrested and detained Lewis. Id. Lewis was then extradited to Connecticut where he is "still being held [in jail] . . . as a result of this illegal and false arrest." Id. at 5. For a complete statement of plaintiff's claims, reference is made to the complaint.

The Supreme Court has held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Lewis' claims regarding his false arrest and imprisonment strike at the heart of the state court's violation determination and subsequent sentence.[2] Accordingly, were Lewis to succeed on any theory espoused above,

---

[1] Lewis states that the Governor's warrant, which is presumably the arrest warrant, was not issued until December 13, 2013. Compl. at 5.

[2] The Connecticut Department of Correction website indicates that Lewis was sentenced in 1989 for the controlling offense of a drug crime. The website indicates that his present maximum sentence is three years and that his maximum release date is September 22, 2015, which appear consistent with a state court parole violation

3

he would necessarily call into question the validity of his conviction and sentence. As such, all of these claims are barred because he has failed to show that a conviction or sentence has been overturned. See Duamutef v. Morris, 956 F. Supp. 1112, 1115-18 (S.D.N.Y. 1997) (dismissing § 1983 claims of malicious prosecution, false arrest, perjury, retaliation, and civil rights conspiracy under Heck where the plaintiff's underlying conviction had not been overturned). Accordingly, such claims would be barred under Heck and dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) is recommended as Lewis' complaint lacks an arguable basis in law.

In light of Lewis' pro se status, an opportunity to amend would generally be recommended prior to outright dismissal. However, in this instance, Heck bars any claims unless or until the invalidation of Lewis' state parole violation, revocation, conviction and subsequent sentence. This has yet to happen as Lewis remains incarcerated for these underlying events; therefore, amendment is futile and unnecessary. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (finding leave to replead would be futile where the complaint, even when read liberally, did not "suggest[] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe").

**C. Motion for Appointment of Counsel**

Lewis has also filed a motion for appointment of counsel. Dkt. No. 3. In light of the

---

determination, even though such is not explicitly outlined in the complaint. See CT Dep't of Corr. Inmate Lookup,
http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=175388.

present recommendation, this motion is denied without prejudice as moot at this time. However, in the event this recommendation is not adopted and the complaint is accepted by the Court, Lewis is free to renew his request for appointment of counsel.

## II. Conclusion

**WHEREFORE**, it is hereby

**ORDERED**, that Lewis' motion to proceed In Forma Pauperis (Dkt. No. 2) is **GRANTED**;[3] and it is further

**RECOMMENDED**, that pursuant to the Court's review under 28 U.S.C. § 1915, Lewis' complaint be dismissed as barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); and it is further

**ORDERED** that plaintiff's request for appointment of counsel (Dkt. No. 3) be **DENIED WITHOUT PREJUDICE** as moot, with a right to renew if the present Report and Recommendation suggesting dismissal is not adopted; and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN**

---

[3] Plaintiff should note that although his in Forma Pauperis Application has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

**FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

Date:   March 14, 2014
        Albany, New York

*/s/ Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge