**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**PRINCE LEWIS,**

                      **Plaintiff,**

  vs.                                                 **1:14-cv-217**

                                                                       **(MAD/CFH)**

**CITY OF SCHENECTADY POLICE DEPT.,**
**PATRICK LEGUIRE, Police Chief, and PTL C.**
**COMLEY #174,**

                      **Defendants.**
_____

**APPEARANCES:**                                 **OF COUNSEL:**

**PRINCE LEWIS**
175388
Osborn Correctional Institution
335 Bilton Road
P.O. Box 100
Somers, Connecticut 06071
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff commenced this action *pro se* on February 28, 2014, seeking damages in the amount of $500,000,000 for harm that he claims to have suffered as a result of Defendants' falsely arresting and detaining him without an arrest warrant. *See* Dkt. No. 1.

      In a March 14, 2014, Report-Recommendation and Order, Magistrate Christian F. Hummel granted Plaintiff's application to proceed *in forma pauperis*, denied Plaintiff's motion to appoint counsel, and reviewed the sufficiency of the complaint. *See* Dkt. No. 7. In reviewing the sufficiency of the complaint, Magistrate Judge Hummel found that

> Lewis' claims regarding his false arrest and imprisonment strike at
> the heart of the state court's violation determination and subsequent

> sentence.  Accordingly, were Lewis to succeed on any theory
> espoused [in the complaint], he would necessarily call into question
> the validity of his conviction and sentence.  As such, all of
> [Plaintiff's] claims are barred because he has failed to show that a
> conviction or sentence has been overturned.  Accordingly, such
> claims would be barred under [*Heck v. Humphrey*, 512 U.S. 477
> (1994)] and dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and
> (ii) is recommended as Lewis' complaint lacks an arguable basis in
> law.

*Id.* at 3-4 (footnote and citations omitted).  Magistrate Judge Hummel also noted that unless and until Plaintiff invalidated his conviction and sentence, *Heck* would bar any claims related to the facts pled in his complaint.  As such, Magistrate Judge Hummel recommended that Plaintiff not be granted an opportunity to amend his complaint, since amendment would be futile and unnecessary.  *Id.* at 4.

On March 28, 2014, Plaintiff timely filed an objection to Magistrate Judge Hummel's Report-Recommendation.  *See* Dkt. No. 9.  On April 24, 2014, the Court received a letter from Plaintiff informing the Court of a habeas corpus petition he had filed in Connecticut state court related to the parole violation and conviction underlying the instant complaint.  *See* Dkt. No. 12. According to records maintained by the State of Connecticut Judicial Branch, the trial in Plaintiff's habeas proceeding was completed on May 23, 2014, and the habeas petition was thereafter denied on June 6 and June 27, 2014.  *See* http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=TSRCV144006038S. An appeal of that decision is pending.  *Id.*  Despite Magistrate Judge Hummel's recommendation that Plaintiff not be permitted an opportunity to amend his complaint, Plaintiff filed a letter on June 4, 2014, seeking such amendment.  *See* Dkt. No. 13.  Plaintiff has also filed a motion for certification of entry of default, claiming that Defendants have failed to respond to his complaint. *See* Dkt. No. 14.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff's objection to the Report-Recommendation is largely a restatement of the allegations in his complaint. *See* Dkt. No. 9. Plaintiff's arguments are focused on the propriety of his parole violation and sentence under Connecticut law, which is more appropriately addressed to the Connecticut state courts. Plaintiff also complains that his *Miranda* rights were violated during his arrest, which is not a cognizable theory of recovery pursuant to 42 U.S.C. § 1983. *See Neighbour v. Covert*, 68 F.3d 1508, 1510 (2d Cir. 1995) (noting that "the failure to give *Miranda* warnings does not create liability under § 1983").

Having reviewed Magistrate Judge Hummel's Order and Report-Recommendation and the applicable law, the Court finds that under either a *de novo* or clear error standard of review Magistrate Judge Hummel correctly recommended that the Court should dismiss Plaintiff's complaint. Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991). An opportunity to amend, however, is not required where "the problem with [plaintiff's]

causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted). As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Magistrate Judge Hummel correctly recommended that the Court dismiss the complaint, and that amendment would be futile. This determination is bolstered by a review of Plaintiff's proposed amendments to his complaint, *see* Dkt. No. 13, which fails to cure the substantive defects in Plaintiff's complaint. The Court notes that Plaintiff is currently appealing the State of Connecticut's denial of his habeas petition. Should Plaintiff be awarded habeas relief at some point in the future, he is free to file a new complaint including such allegations.

The Court also notes that Plaintiff's motion for certification of entry of default is premature because none of the Defendants have been served with the complaint. Although Magistrate Judge Hummel granted Plaintiff's application to proceed *in forma pauperis*, he recommended that the complaint be dismissed. As such, none of the Defendants have been served and, therefore, they cannot be in default. Moreover, such motion is denied as moot by virtue of the present Order dismissing the complaint.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Order and Report-Recommendation is **ADOPTED in its entirety** for the reasons stated therein**;** and the Court further

**ORDERS** that this action is **DISMISSED**; and the Court further

**ORDERS** that Plaintiff's motion for certification of entry of default is **DENIED** as moot; and the Court further

**ORDERS** that the Clerk of the Court shall close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff by regular mail.

**IT IS SO ORDERED.**

Dated: July 17, 2014
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge